[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO SET ASIDE THE VERDICT, DATED APRIL 15, 1999 (#132); PLAINTIFF'S MOTION FOR NEW TRIAL DATED APRIL 16, 1999 (#133); PLAINTIFF'S MOTION FOR ADDITUR DATED APRIL 16, 1999 (#134); DEFENDANT'S MOTION FOR REMITTITUR DATED MARCH 24, 1999 (#131)
On August 19, 1992, the plaintiff James Barretta was operating his automobile on Interstate 95 in New Haven, Connecticut. A vehicle owned by the defendant, Rodolfo Sanchez and operated by the defendant, Cesar Sanchez, struck the rear of the car operated by the plaintiff James Barretta.
The plaintiff James Barretta brought suit claiming negligence by the defendant, Cesar Sanchez and further alleging bodily injury, pain and suffering, medical expenses, disability and loss of income, and limitation in the enjoyment of the normal pursuits in life. This was a very hotly and vigorously contested matter.
Initially the defendant denied liability as to negligence and damages. However at the outset of trial, the defendants admitted liability and the matter proceeded as a hearing in damages. Although the defendants admitted liability, the defendants continued to contest the degree of impact when the defendant Rodolfo Sanchez's automobile struck the plaintiff's automobile and further the extent of damage to the plaintiff's automobile.
The jury verdict awarded $2750.00 in compensatory damages to the plaintiff. The plaintiff moved to set aside the verdict. The court, on October 24, 1999, denied the plaintiff's motion to set aside.[1]
Among the many issues of this trial was the extent of physical impact to the plaintiff's auto, physical injury to the plaintiff, CT Page 2295 permanent partial disability, reasonable medical care and treatment, pain and suffering, loss of life's enjoyments, and lost income.
The jury could have reasonably found that the physical impact to the plaintiff's auto was negligible and de minimus. Based on a photograph of the rear bumper of the plaintiff's auto admitted into evidence, there was no discernable damages, except perhaps a slight paint scrape.
The plaintiff claimed he was physically impaired and had a permanently impaired neck and back. This condition was testified to by the plaintiff and his attending physician. However the credibility of the plaintiff and his attending physician was highly contested. The defendant submitted a video of the plaintiff's activities at work which showed that he did not exhibit any physical impairment while at work. This video showed the plaintiff bending and kneeling without restriction or limitation, climbing into and out of trunks and backs of cars, washing and detailing cars, etc. In addition, the defendants introduced their own examining physician who testified contrary to the plaintiff's claim of physical impairment. The jury could have reasonably found that the plaintiff did not suffer any compensable pain and suffering nor had any physical impairment.
The plaintiff claimed medical bills and expenses of approximately $40,000 including approximately $27,000 for physical therapy (some of physical therapy was defined as "Swedish Massage") over several years. Again the credibility of the plaintiff and his attending physician was at issue. The defendant's examining physician contradicted the reasonableness and legitimacy of much of the medical bills and expenses. He especially pointed out that physical therapy is curative for the first few visits, perhaps several months, however it loses its curative qualities and becomes merely pallative after several months. This is especially so when the physical therapy is over several years and includes "Swedish Massage". The jury could have reasonably found that the plaintiff's medical bills and expenses were not medically reasonable and necessary.
Other than the plaintiff's claims of physical impairment and pain and suffering, the plaintiff did not introduce any specific evidence regarding loss of life's enjoyment except as inferential and circumstantial statements. Again, the plaintiff's credibility was at issue. The jury could have reasonably found that the CT Page 2296 plaintiff did not experience a loss of life's enjoyment.
The plaintiff claimed he lost 13 weeks of lost earnings at $250.00 per week. The plaintiff claimed he went to Florida right after the motor vehicle accident for 13 consecutive weeks for rest and recuperation. However the plaintiff also testified that the twelfth and thirteenth week (i.e. last 2 weeks) were spent as a vacation.
The court submits as a plausible explanation of the jury award of $2750.00 compensatory damages is that the jury, based on some misguided theory, attempted to compensate the plaintiff for eleven weeks of rest and recuperation; that is, eleven weeks times $250.00 is $2750.00. This was a mistake by the jury.
Significantly important in this case is the interrogatory submitted to the jury in this case. The instruction regarding the interrogatory required that the interrogatory should be completed before reaching a verdict. The trial court is entitled to presume that the jury followed this instruction and answered the interrogatory prior to reaching its verdict.
The interrogatory is as follows:
 "Has the plaintiff proven by a preponderance of the evidence that he received any actual injury by reason of the August 19, 1992 motor vehicle accident?" The jury answered this interrogatory in the negative, i.e. no.
The jury verdict in essence was a general verdict. The jury had ample opportunity to assess the witnesses, their credibility, their demeanor, their testimony, their bias (if any), their motivations, their reliability, their accuracy in testifying, etc. The jury also had an ample opportunity to weigh all the evidence in this case. The court finds that the jury could have reasonably concluded as it did except for the mistaken award of compensatory damages in the amount of $2750.00 which this court has addressed in its decision on the defendant's motion for remittitur.
The plaintiff has asserted many reasons in support of his motion to set aside verdict. Many of these reasons are either argumentive, contentious or groundless. Therefore the court declines to respond to them. CT Page 2297
Admittedly, the jury verdict seems inconsistent and ambiguous. However the inconsistency and ambiguity is resolved by recognizing that this is an evident mistake and the court has resolved this inconsistency and ambiguity by ordering a remittitur.
Based on the foregoing this court respectfully declines to set aside the verdict in this case.
The plaintiff has also filed a motion for a new trial dated April 16, 1999. This motion for a new trial is merely a regurgitation of the plaintiff's motion to set aside except for the addition of item #5, "The jurors were questioned after they were discharged regarding the basis for their verdict".
The court declines to respond to this contention. This court is not aware of any impermissible discussions with the jurors after they were discharged regarding the basis for their verdict. Nor is the court aware of or privy to any reliable information regarding the jurors' basis for their verdict.
Based on the foregoing including its comments relative to the plaintiff's motion to set aside, the court denies the motion for new trial.
The plaintiff has also filed a motion for additur dated April 16, 1999. This was a defendant's verdict in reality, but for technical legal reasons it is necessary to have a plaintiff's verdict in a hearing on damage. The jury's verdict is amply supported by the evidence except for the confusion in awarding compensatory damage in face of the interrogatory previously discussed. This court does not feel that an additur is appropriate or justified in this case and therefore denies the plaintiff's motion for additur.
The defendant has filed a motion for Remittitur, dated March 24, 1999. The court previously ruled on the motion on October 24, 1999.
The court stated "The sum of $2749.00 is hereby ordered remitted. The jury has made an obvious mistake in this case. It has answered interrogatory dated March 19, 1999 in the negative. Therefore, it would be a mistake to award compensatory damages. Therefore this court concludes that a remittitur of the sum of $2749.00 is necessary in order to correct the jury's mistake." CT Page 2298
The court also submits that the jury in mistakenly awarding compensatory damages in the amount of $2750.00 to the plaintiff was attempting to be generous. An award of nominal damages based on the answer to the interrogatory previously discussed, does not permit generosity, and thus this generosity must not be allowed. Therefore the court reiterates its previous remittitur of $2749.00
JOHN.W. MORAN, JUDGE